**E-FILED on** 11/16/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES O. ALBERTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MONUMENTAL LIFE INSURANCE COMPANY, GLOBE LIFE & ACCIDENT INSURANCE COMPANY, and Does 1-10, inclusive,<br><br>    Defendants. | No. C-08-05441 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF CALIFORNIA<br><br>**[Re Docket No. 32]** |

Defendant Monumental Life Insurance Company moves to transfer venue to the Southern District of California for the convenience of the parties and in the interest of justice pursuant to 28 U.S.C. § 1404(a). Plaintiff James O. Albertson opposes the motion. Having considered the arguments and papers submitted by the parties, and for good cause appearing for the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This case involves an accidental death insurance policy issued to Luis Placensia by Monumental Life Insurance Company that names plaintiff James O. Albertson as its beneficiary. The transactions giving rise to this policy all apparently occurred in San Diego. (Mot. 6.) Placensia

1  was a Mexican national who apparently lived either in Tijuana, or somewhere in or around San
2  Diego. (Mot. 6, Exh. 3.) Placensia died in Tijuana, Mexico on December 6th, 2005. (Mot. Exh. 3.)
3  Placensia's death certificate states that he died naturally of cardio-respiratory arrest, septic shock,
4  septisemia, and intestinal obstruction. (Mot. Exh. 3.) Albertson claims that defendant died of
5  accidental food poisoning, and therefore that Placensia's death is covered under the policy.
6  Defendant argues, among other things, that Albertson cannot recover under the policy because
7  Placensia's death was caused by sickness and was not an accident. (Def.'s Ans. 3.)

8  These issues were also raised in a previous case brought in the Southern District of
9  California, *Fidelity & Guaranty Life Insurance Company v. Albertson*, No. 07-CV-0045. That case
10 involved another insurer and another accidental death policy and the issue presented was whether
11 Placensia's death was accidental. The District Court granted partial summary judgment in favor of
12 the insurer on the record before the court. Thereafter, the *Fidelity & Guaranty* case settled and was
13 dismissed. (Pl.'s Opp'n Exh. A-E.) Apparently at some point after the events relevant in this case,
14 Albertson moved from San Diego or surrounding areas to the Northern District of California. (Mot.
15 6, 7.) Albertson then filed this suit against defendants Monumental Life Insurance Company and
16 Globe Life & Accident Insurance Company in the Northern District of California on December 3,
17 2008. Defendant Globe Life & Accident Insurance Company was dismissed from this action on July
18 17, 2009, leaving Monumental Life Insurance Company as the only defendant in this case.

19 Monumental Life moves to transfer venue to the Southern District of California.

## II. ANALYSIS

21 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest
22 of justice, a district court may transfer any civil action to any other district or division where it might
23 have been brought." In ruling on a motion to transfer, a court may consider such factors as: (1) the
24 plaintiff's choice of forum, (2) convenience to the parties, (3) convenience to the witnesses, (4) ease
25 of access to the evidence, (5) familiarity of each forum with the applicable law, (6) the feasability of
26 consolidation with and relationship to other claims, (7) any local interest in the controversy, and (8)
27 the relative court congestion and time of trial in each forum. *Jones v. GNC Franchising*, 211 F.3d
28 495, 498-99 (9th Cir. 2000).

Section 1404(a) limits transfer to courts where the action may have been brought originally. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). The transferee court must: (1) be able to exercise personal jurisdiction over the defendants, (2) have subject matter jurisdiction over the claim, and (3) be a proper forum. *Id*. In the present case, both forums are within the state of California, and parties do not contest that venue is proper in either forum.

### A.     Plaintiff's Choice of Forum

Albertson argues that his choice of forum should be given "substantial deference" and that defendant is unable to meet its burden of establishing that a transfer is warranted as against this deference. (Pl.'s Opp'n 7.) Defendant argues that Albertson's choice of forum should be given diminished weight because all of the events giving rise to this case occurred in the Southern District of California or Tijuana, Mexico, and Albertson's only contact with this district is that Albertson has recently moved to this district after all of the events in this case occurred. (Def.'s Mot. 7.) Defendant suggests that plaintiff filed suit in Northern California to avoid the same adverse result he encountered in the Southern District of California. *Id.*

Although Plaintiff's choice of forum should rarely be disturbed, *Hartland v. Alaska Airlines*, 544 F.2d 992, 998 n.2 (9th Cir. 1976), the weight assigned to the plaintiff's choice is diminished when none of the operative facts in the case occurred within the forum. *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 929, 954 (9th Cir. 1968); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D. N.Y. 1991).

In this case, Albertson has only recently moved to the Northern District. Beyond that, the Northern District has no interest in the case because all of the operative facts occurred in the Southern District. Albertson does not appear to have any compelling arguments for why it would be inconvenient for Albertson to have had this suit brought in the Southern rather than Northern District of California beyond concern for the prior unfavorable decision rendered in that district. Therefore, the court agrees that this factor should be given only modest weight.

### B.     Parties' Convenience

Albertson argues that there is a minimal difference in convenience between the Northern and Southern Districts for parties, especially because most of the discovery has already occurred. (Pl.'s

1 Opp'n 7.) Defendant does not contest this, and the court agrees. This is not a compelling factor
2 justifying or opposing a transfer of venue.

### C. Convenience to the Witnesses

Defendant argues that the convenience of witnesses is a compelling reason to have this case heard in the Southern rather than Northern District because all non-party witnesses are in or near the Southern District, and because it is more likely that international citizens that are not subject of compulsory process will be willing to come to the Southern District. (Mot. 6-7; Def.'s Reply 3-4.) Albertson responds that it is not an unreasonable burden to require the parties to bring their witnesses to the Northern District. (Pl.'s Opp'n 8.) With respect to the compulsory process issue, Albertson appears to argue that this is "not a legitimate issue in this case" because it is easy to transport witnesses between the Northern and Southern Districts. *Id.* Defendant's argument is persuasive.

As uncontested by both parties, all witnesses in this case are either in San Diego, California, or in Tijuana, Mexico, across the border from San Diego. Defendant makes a reasonable argument that it could be harder to persuade Mexican citizens to travel to the Northern District to be a witness in a lawsuit. This is of concern because neither district has compulsory process that can mandate that these foreign residents be brought before the court, and as defendant argues, it may be easier to persuade witnesses who reside in Mexico to travel the short distance to testify in the Southern District. (Mot. 6.) Therefore, although Albertson is correct that distance in itself is not sufficient to show inconvenience, *see Koster v. (American) Lumbermens Mut. Cas. Co*, 330 U.S. 518, 524 (1947), the lack of compulsory process means that the Southern District's proximity to Tijuana is a factor supporting the transfer to the Southern District. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258-59 (1981) (holding that the district court properly considered the lack of compulsory process a relevant factor in deciding a motion to dismiss on the grounds of forum non conveniens).

### D. Ease of Access to the Evidence

Defendant argues that beyond the lack of compulsory process described above, the ease of access to evidence is not a substantial concern in this case. (Mot. 7.) Albertson argues that this is not an issue in this case (Pl.'s Opp'n 8-9). This factor does not weigh in favor of either party.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF CALIFORNIA—No. C-08-05441 RMW
DWR/ter                                5

### E. Familiarity of Each Forum to the Applicable Law

Both forums are equally familiar with the applicable law. This is not a relevant factor in this particular case.

### F. The Relationship With Other Claims

The parties have not specified other claims with which this case could be consolidated. However, this case involves nearly identical witnesses, facts, and issues as those involved in a prior case handled by Judge Anello in the Southern District of California. (Mot. 8; *see also* Mot. Exh. 1.) Albertson argues that collateral estoppel and res judicata issues should not be considered here because there was no final judgment on the merits in that case in front of Judge Anello. (Pl.'s Opp'n 3-6.) Albertson misunderstands the thrust of this factor's relevance.

Courts generally avoid the re-litigation of previously decided issues. *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 52-54 & n.10 (D.D.C. 2000). The fact that an issue would have to be re-litigated in one forum after having already been considered in a different forum is a strong public factor in favor of transfer because the transfer conserves judicial resources and expedites the decision-making process. *Id.* at 55. This is particularly true in cases where the choice of the second forum may be motivated by forum shopping. *Id.* at 53 n.12.

Under the local rules for the Southern District of California, related cases will be assigned to the judge who handled the related case with the lowest number. S.D. Cal. Civ. R. 40.1(e), (h).

Judge Anello in the Southern District is already familiar with the facts and legal issues in this case. On February 20, 2009, Judge Anello held a hearing for several motions for summary judgment in a case involving the same facts, and involving Albertson as a defendant and counter-claimant. (Mot. Exh. 1.) In making his decision, Judge Anello has already determined that there is no material question of fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). Judge Anello reviewed all the facts in the case, and made all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Regardless of whether collateral estoppel applies in this case, Judge Anello already has considered the facts and legal issues in this case in detail and would likely be assigned this case upon transfer to the Southern District under the Southern District Local Rules. S.D. Cal. Civ. R. 40.1(h).

1    Albertson's choice of forum appears to be at least in part motivated by a desire to avoid Judge
2 Anello's prior unfavorable ruling.  Albertson dedicates three full pages of his brief to encouraging
3 the court to agree with Albertson that Judge Anello's prior decision on similar factual issues
4 improperly failed to consider several factual contentions.  (Pl.'s Opp'n 3-6.)   Albertson offers no
5 significant reason, other than "plaintiff's choice," for keeping the action in the Northern District.
6 Therefore, this factor weighs strongly in favor of granting the motion to transfer.  *Reiffin*, 104 F.
7 Supp. 2d at 55.

8    **G.    Local Interests in the Controversy**

9    Defendant argues that the Northern District has no local interest in this controversy because
10 all of the relevant events occurred in the Southern District and Albertson was a resident of the
11 Southern District during the relevant time period.  (Mot. 6.)  Albertson has not specifically contested
12 this, but does suggest that there is a local interest because Albertson is now a resident of this district.
13 (Pl.'s Opp'n 7.)  This factor weighs in favor of keeping this case in this district, but not dispositively
14 so.

15    **H.    Court Congestion and Trial Time in Each Forum**

16    Albertson argues that this case should remain in this district because the Southern District as
17 a whole hears more cases per year, and had an increase in its caseload in 2008.  (Pl.'s Opp'n 9.)
18 Defendant argues that each individual judge in the Southern District had about half the caseload of
19 each judge in the Northern District, weighted filings are greater in the Northern District, and that the
20 time from filing to trial in the Northern District is typically about five months longer.  (Def.'s Reply
21 4.)  Although the Northern District caseload is heavier to some degree, the court is not persuaded
22 that this factor makes a material difference in this case.  At best, it weighs slightly in favor of a
23 transfer.

24                          **III. CONCLUSION**

25    After weighing all of the factors, although the plaintiff's choice of forum does deserve
26 deference, in this case the increased likelihood of witnesses coming before the court in the Southern
27 District and, most importantly, the relationship between the present claims and the prior case
28 brought before Judge Anello are persuasive reasons for transferring this case to the Southern

**United States District Court**
For the Northern District of California

District. Venue is proper in the Southern District, and the court grants defendant's motion to transfer.[1]

### IV. ORDER

For the foregoing reasons, the court grants defendant's motion to transfer venue to the Southern District of California.

DATED:       11/13/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[1] In its reply, defendant also objects to several exhibits plaintiff attached to his reply brief. Because the court had no need to consider any of these exhibits in deciding this motion, the court does not address defendant's objections.

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Melbourne Brady Weddle      MelbourneW@msn.com

**Counsel for Defendants:**

Catherine T.S. Gregory      catherine.gregory@wilsonelser.com

Laura E. Fannon             laura.fannon@wilsonelser.com

Sean Patrick Nalty          sean.nalty@wilsonelser.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   11/16/09                              TER

                                            **Chambers of Judge Whyte**

*United States District Court*
*For the Northern District of California*

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF CALIFORNIA—No. C-08-05441 RMW
DWR/ter                                     9